(No. 21584.—

GEORGE F. KOESTER, Jr., Appellant, *vs.* JOSEPH B. McDON-
OUGH, County Collector, Appellee.

*Opinion filed February 23, 1933.*

JONES, J., dissenting.

WATKINS & TENHOOR, for appellant.

JOHN A. SWANSON, State's Attorney, JOHN E. PEDDER-
SON, and LOUIS H. GEIMAN, (HAYDEN N. BELL, of coun-
sel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant, George F. Koester, Jr., on July 16, 1932,
filed a bill in the circuit court of Cook county praying
that appellee, Joseph B. McDonough, county treasurer and
*ex-officio* county collector of Cook county, be enjoined from
taking judgment against and selling appellant's property
for real estate taxes for the year 1930. A general de-
murrer to the bill filed by appellee was sustained by the
court, and from the resultant decree dismissing the bill for
want of equity this appeal is prosecuted.

After a description of the real estate owned by appel-
lant, allegations of the assessed valuation thereof and of

the amount of taxes for 1930 extended against it, and allegations of the official capacity and duties of appellee, of the board of assessors and board of review of Cook county and of the State Tax Commission, the appellant in his bill makes substantially the following allegations: For many years prior to 1930, and particularly in assessing and levying taxes in Cook county for 1930, the tax commission, the board of assessors and the board of review of Cook county, and the members of said bodies, deliberately and fraudulently conspired together to discriminate against real estate and in favor of personal property and made greatly excessive assessments upon real estate in Cook county which were not in uniformity with assessments upon personal property of like value in that county. A vast amount of personal property subject to taxation for 1930 was omitted from assessment or assessed by said taxing bodies at an amount far below its true value. Said taxing bodies, acting in collusion and conspiracy, intentionally placed upon the real estate of appellant and of other owners of real estate in Cook county an assessment for the year 1930 which systematically and intentionally discriminated against their real estate and which was greatly in excess of the uniform and legal assessment guaranteed by the constitution and statutes. On April 1, 1930, the fair cash value of real estate subject to taxation in Cook county was twenty-three per cent and of personal property in that county not exempt from taxation was seventy-seven per cent of the value of all the taxable property there on that date, but said taxing bodies placed an assessment on the real estate that was eighty-two per cent and on the personal property that was only eighteen per cent of the total assessment on all the taxable property in that county on April 1, 1930. On August 28, 1931, while the assessment books for the year 1930 were still in the hands of the board of assessors and the assessment of Cook county property for that year was still incompleted, appellant caused

to be served on the board of assessors a demand that certain known groups of taxable personal property which had been omitted from assessment for the year 1930 should be assessed on a basis uniform and equal to the assessment being made on real estate. The demand called attention to taxable personal property of estates being probated in the probate court of Cook county, to taxable personal property held in trust by Cook county banks and trust companies, to accounts in banks of Cook county that were subject to taxation, to vast stores of taxable merchandise in warehouses, wholesale and retail mercantile establishments and manufacturing institutions, and to various clubs, the Chicago Board of Trade, the Chicago Stock Exchange, and other like institutions whose memberships were subject to assessment for taxation, all of which personal property was omitted from assessment. The board of assessors ignored the demand and refused to assess said personal property for taxation and deliberately and intentionally made assessments on personal property in Cook county so far below the actual value of said personal property that said property was relieved of its just and uniform portion of the tax burden for 1930 and the real estate of appellant and other owners of real estate in Cook county was forced to bear a large portion of the tax burden that should have been borne by personal property. The board of assessors disregarded all complaints of tax-payers as to the assessment of their property for 1930, and without granting any hearings on the complaints and without changing, revising or altering any assessments, on or about June 30, 1931, turned the assessment books over to the board of review. The board of assessors deliberately and intentionally denied tax-payers an opportunity to be heard in their protest against the discrimination in favor of personal property and against real estate. On October 5, 1931, appellant served upon the board of review a demand that it assess for taxation for the year 1930 personal property in Cook county which was described

particularly and in detail and was of the value of more than $15,000,000,000 and was not exempt from taxation. The board of assessors made a total assessment of $944,-430,320 on the taxable personal property in Cook county on April 1, 1930. The value of taxable personal property in Cook county on said date was many times that sum, and the board of review so knew the fact to be, but said board, notwithstanding it had been served with the demand of appellant, failed and refused to assess the omitted taxable personal property described in the demand but reduced the total asessment on personal property to $769,842,262. The real estate in Cook county subject to taxation on April 1, 1930, had a value of approximately $6,000,000,000 and the personal property in said county on said date had a value of approximately $20,000,000,000. The board of assessors and the board of review, contrary to their duty to make an assessment that would be uniform, made a total assessment on the real estate of $3,459,088,569 and on the personal property of $769,842,262. Appellant filed a complaint before the board of review protesting against the assessment on his real estate and appeared before the board in support of the complaint, but the board failed and refused to give him any relief or redress against the illegal and intentional discrimination of the taxing bodies but confirmed the assessment on appellant's real estate.

Following the foregoing allegations, there are in the bill allegations substantially identical with the allegations in paragraphs 8 to 18, inclusive, of the petition for a writ of *mandamus* in the case of *People* v. *Board of Review,* (*ante,* p. 301.) These allegations are set out somewhat *in extenso* in the opinion in that case, and reference is made to that opinion for the substance of those allegations. It is further alleged in the bill that on the petition in that case the superior court of Cook county had ordered that a writ of *mandamus* issue commanding the board of review to place upon the assessment rolls for 1930 the omitted per-

sonal property described in the petition, which was of the approximate value of $15,000,000,000, but that the writ had not been issued because of the appeal to this court prosecuted in that case by the board of review; that the assessment of the personal property for the year 1930 would have the effect to reduce the tax on appellant's real property more than seventy-four per cent; that the taxes against appellant's real estate had been levied and extended on the fraudulent, illegal and non-uniform assessment, and that appellee has threatened to collect the taxes so extended against appellant's real estate by seizure, levy and sale of his real and personal property, and will do so unless enjoined.

In *Bistor* v. *McDonough,* 348 Ill. 624, a bill was filed by owners of real property to enjoin the county collector of Cook county from taking judgment against and selling such property for the taxes of 1929. The bill in that case was based on the theory that the assessment of the real property was invalid because personal property not exempt from taxation had been deliberately, fraudulently and illegally omitted from the assessment rolls. This court affirmed the decree of the circuit court of Cook county dismissing the bill for want of equity after sustaining a general demurrer filed by the county collector. One of the grounds of the decision in that case was that the allegations of the bill were insufficient to show that the property which was alleged to have been omitted from the assessment rolls was liable to assessment. It is the contention of appellant that the bill in this case is not defective in that respect, and in his brief he says that the description of the omitted property is made in the bill in this case in much the same form as in the petition for writ of *mandamus* in *People* v. *Board of Review, supra.* In that case this court held that the allegations of the petition for writ of *mandamus* did not contain sufficient averments of specific facts, as distinguished from conclusions of law, to show that it was the duty of the board of review to assess the property

which was alleged to have been omitted from assessment. It is true that that case was an action at law while this is a suit in chancery, but the bill in this case is based on the same theory as, and prays for the same relief sought by, the bill in the *Bistor case*, in which we held that the complainants were required to allege facts from which it might be determined whether the omitted property was liable to assessment. The decision of this court in *People* v. *Board of Review, supra,* is therefore a decision to the effect that the allegations of the bill in this case are insufficient to show that the omitted property was liable to assessment.

In the bill in this case there is no. allegation that real property was omitted from the assessment and no allegation that the valuations placed on real property were excessive. It is alleged that taxable real estate in Cook county of the value of about $6,000,000,000 was assessed at $3,-459,088,569. No allegation is made that the assessment on appellant's real estate is not uniform and fair as compared with the assessment of other real estate. In this respect the bill is like the bill in the *Bistor case*. In that case we held that the contention that the assessments upon real estate were void because there was discrimination in favor of personal property was not tenable, because neither the omission to assess nor the under-valuation of one kind or class of property will invalidate the assessments upon other property in the same jurisdiction. That holding was in accord with numerous decisions of this court which are there cited, and it has since been approved by the court in *People* v. *Cesar,* 349 Ill. 372.

The bill in this case alleges that the assessment of the property omitted from the assessment rolls would have the effect to "reduce the real estate rate and tax on your orator's property * * * more than seventy-four per cent." There are, however, no facts alleged to show that any reduction in the tax on appellant's real estate would result from the assessment of the omitted property. There is no

showing of the appropriations made or the amount of taxes levied by the several taxing bodies of Cook county for the year 1930 or of the amount of taxes extended for that year or that said taxing bodies were operating on balanced budgets. It is impossible, therefore, to ascertain from the facts alleged in the bill whether or not the assessment of the omitted property would result in a lowering of the amount of taxes against appellant's real estate. *People* v. *Cesar, supra.*

Appellant's bill was defective for the reasons mentioned and there was no error in sustaining the demurrer thereto.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE JONES, dissenting:

I do not concur in the above opinion so far as it is based on *People* v. *Board of Review,* (*ante,* p. 301.)